**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:05cv242**

| | |
|---|---|
| BETCO INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| JEMISON DEMSEY, LLC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss which is before the court in accordance with 28, United States Code, Section 636(c).[1] The parties have fully briefed the motion, and the court notes that respective counsel have done an excellent job not only researching relevant law, but in narrowing the issues of law throughout the briefing process. Respective counsel are commended on their work. Three issues remain for the court to resolve: (1) whether this court has diversity jurisdiction over this action; (2) if such jurisdiction is absent, whether any independent jurisdiction exists over the federal *Declaratory Relief Act* claim; and (3) whether a court may award costs and fees to a "prevailing party" where the award stems not from a statutory allowance, but from the very contract over which jurisdiction is lacking.

**I.  Standard Applicable to Rule 12(b)(1) Motions**

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is

---

[1] The court strikes its Order of October 31, 2005.

important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

**II.     Motion to Dismiss Based on Lack of Complete Diversity**

The first issue is whether the requirement of complete diversity can be met where the plaintiff is incorporated in the same state where one of the "members" of a limited liability company resides. The answer is no.

For the purposes of the pending motion it is undisputed by the parties that plaintiff is a Delaware corporation and that defendant is a Delaware limited liability company. It is further undisputed that a "limited liability company" is treated differently than a "corporation" for purposes of determining diversity jurisdiction under 28, United States Code, Section 1332. Section 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has a principal place of business." 28 U.S.C. § 1332(c)(1). This language applies only to corporations and not to other, non-incorporated, business forms such as limited partnerships. Carden v. Arkoma Assocs., 494 U.S. 185, 196-97 (1990).

When considering the citizenship of limited liability companies, a court must consider the citizenship of the members comprising the LLC. In General Tech. Applications, Inc. V. Exro Ltd., 388 F.3d 114, 121 (4th Cir. 2004), the Court of Appeals for the Fourth Circuit held that a

> limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise. It is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members.

Id., at 121. In this case, defendant has presented evidence in the form of exhibits, properly certified and authenticated by the Secretary of State of Delaware, that (1) it is a Delaware limited liability company, Reply Exhibit A; (2) that one of its members is Jemison Investment Co., Inc., Reply Exhibit B-C; and (3) that such corporation is a Delaware corporation. Id., at Exhibit D. It appearing that complete diversity is lacking, the court will grant defendant's

Motion to Dismiss pursuant to Rule 12(b)(1).

### III. Motion to Dismiss Claim for Declaratory Relief

In its Complaint, plaintiff asserts another claim seeking declaratory relief under 28, United States Code, Section 2201. The federal *Declaratory Judgment Act* appears to be properly invoked even where jurisdiction is founded on diversity and the dispute concerns a matter governed by state law:

> For a controversy to exist for declaratory judgment purposes [brought under 28 U.S.C. § 2201], however, the situation need not present a federal cause of action; if the parties are diverse, a federal court may possess subject matter jurisdiction over a state-law contract dispute.

Volvo Const. Equipment Co. v. CLM Equipment Co., Inc., 386 F.3d 581, 593 (4th Cir. 2004). A court properly exercises jurisdiction under the federal *Declaratory Judgment Act* where:

> (1) the complaint alleges an "actual controversy" between the parties "of sufficient immediacy and reality to warrant issuance of a declaratory judgment;" (2) <u>the court possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction)</u>; and (3) the court does not abuse its discretion in its exercise of jurisdiction.

Id., at 594 (emphasis added). As discussed in the preceding section, this court lacks an independent basis for asserting subject-matter jurisdiction. The court will, therefore, grant dismissal as to all claims asserted in the Complaint in accordance with Rule 12(b)(1).

### IV. Awarding of Contractual Costs and Fees Where Jurisdiction is Lacking

Defendant argues that if this court dismisses the action, defendant would be entitled to its costs and attorneys fees in accordance with the contract underlying this dispute. Defendant contends that the contract contains a provision concerning attorney fees and costs as part of the "exit" agreement.

A "prevailing party" for awarding costs and fees is defined as "one who has been awarded some relief by the court." County of Morris v. Nationalist Movement, 273 F.3d 527, 536 (3d Cir.2001) (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health

& Human Res., 532 U.S. 598, 603 (2001)). If a court finds that it lacks subject matter jurisdiction, however, the merits of the case have not been reached. See In re Orthopedic "Bone Screw" Prods. Liab. Litig., 132 F.3d 152, 155 (3d Cir.1997).

> [A] defendant cannot be considered a "prevailing party" when a complaint is dismissed for lack of jurisdiction because the defendant has not prevailed over the plaintiff on any issue that is fundamental to the action.

Hygienics Direct Co. v. Medline Industries, Inc., 33 Fed.Appx. 621, 625 (3d Cir. 2002).

The decisions of the Third Circuit are not contrary to the Fourth Circuit cases cited by defendant. Defendant has pointed to a number of cases in the Fourth Circuit where costs and fees were allowed when a case was dismissed under Rule 12. See Greenspring Racquet Club, Inc. v. Baltimore County, Md., 77 F.Supp.2d 699, 702 (D.Md. 1999), reversed on other grounds, Greenspring Racquet Club, Inc. v. Baltimore County, Md. 232 F.3d 887 (4th Cir. 2000). The cases cited by defendant, however, involved motions to dismiss claims pursuant to Rule 12(b)(6). Further, the claims were asserted under 42, United States Code, Section 1983.

In this case, the motion to dismiss was made under Rule 12(b)(1). Unlike Rule 12(b)(1), dismissal under Rule 12(b)(6) can be with prejudice and, in the context of a Section 1983 action, can and usually does involve substantive review of the allegations of the parties and the alleged constitutional violation. Further, the award of attorneys fees in Section 1983 actions is pursuant to a statute which allowed such an award. See 42 U.S.C. § 1988.

This court must agree with the reasoning of the Third Circuit, which held that a decision under Rule 12(b)(1) is not a decision on the merits. In re Orthopedic "Bone Screw" Prods. Liab. Litig., supra. Indeed, the lack of jurisdiction not only prevents reaching the merits of the action, it prevents a court from even determining whether a contract even contains such a fee-shifting provision. Respectfully, this court will decline to consider or

award fees and costs both because defendant is not a prevailing party herein and because the lack of subject-matter jurisdiction prevents the court from determining whether, in fact, such a fee-shifting provision exists in the contract.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss this action pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, is **ALLOWED**, and this action is **DISMISSED** in its entirety without prejudice.

**Signed: November 15, 2005**

_____
Dennis L. Howell
United States Magistrate Judge